UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLLEGIATE ORTHOPAEDICS & SPORTS MEDICINE INSTITUTE, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> HORIZON BLUE CROSS BLUE SHIELD OF NEW JERSEY, <br><br> Defendant. | Index No.: <br><br> **COMPLAINT** |

Plaintiff, Collegiate Orthopaedics & Sports Medicine Institute, LLC ("Plaintiff"), by and through its attorneys, Gottlieb & Greenspan, LLC, by way of Complaint against Horizon Blue Cross Blue Shield of New Jersey ("Defendant"), alleges as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff is a medical provider with a principal place of business at 345 Main Street, Suite 201, Madison, New Jersey 07940.

2. Upon information and belief, Defendant is engaged in providing and/or administering health care plans or policies in the State of New Jersey.

3. This court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action arises under federal law, specifically the No Surprises Act ("NSA"), 42 U.S.C. § 300gg-111 *et seq.*, which governs the Independent Dispute Resolution ("IDR") process for certain out-of-network billing disputes including those at issue here, as well as the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9 *et seq*.

4. Venue is proper in the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to this action occurred within this district.

## FACTUAL BACKGROUND

5. Plaintiff is a medical provider that specializes in treatment of a variety of orthopaedic conditions.

**Patient M.R. – DISP-1807239 & 1807236**

6. On February 19, 2024, Robin M. Gehrmann, M.D., a surgeon employed by Plaintiff, provided medical treatment for an individual identified as M.R. ("Patient M.R.") at Harrison Endo Surgical Center, located in Harrison, New Jersey.

7. At the time of treatment, Patient M.R. was the beneficiary of a health plan issued and/or administered by Defendant.

8. After treating Patient M.R., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes, including CPT code 29880-LT in the amount of $21,637.00 and CPT code 29888-LT in the amount of $34,078.00.

9. In response to Plaintiff's HCFA, Defendant denied payment to Plaintiff for CPT 29880-LT and allowed payment to Plaintiff for CPT 29888-LT in the amount of $8,875.00.

10. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

11. However, since the services were rendered emergently/inadvertently, Patient M.R.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-11 *et seq*.

12. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

13. In this case, Plaintiff disputed Defendant's payment determinations and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment denial for CPT 29880-LT and Defendant's payment of $8,875.00 for CPT 29888-LT.

14. Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

15. Plaintiff initiated such arbitration as called for by the NSA.

16. On February 19, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1807239, awarding Plaintiff $19,000.00 for CPT 29880-LT. *See* **Exhibit A**, attached hereto.

17. Pursuant to the NSA, the determination of the arbitration award under DISP-1807239 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

18. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300-gg-111(c)(6).

19. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was March 21, 2025.

20. As of the date of this Complaint, over 130 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

21. For DISP-1807239, Defendant has failed to pay $19,000.00, which is currently due and owing.

22. Similarly, on January 27, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1807236, awarding Plaintiff $34,078.00 for CPT 29888-LT, amounting to an additional $25,203.00 over Defendant's initial payment. *See* **Exhibit B**, attached hereto.

23. Pursuant to the NSA, the determination of the arbitration award under DISP-1807236 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

24. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300-gg-111(c)(6).

25. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 26, 2025.

26. As of the date of this Complaint, over 150 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

27. For DISP-1807236, Defendant has failed to pay $25,203.00, which is currently due and owing.

28. Accordingly, Plaintiff has been damaged in the total amount of $44,203.00 for CPT 29880-LT and CPT 29888-LT for Patient M.R.

**Patient E.L. – DISP-1144528 & 1144822**

29. On November 20, 2023, Robin M. Gehrmann, M.D., a surgeon employed by Plaintiff, provided medical treatment for an individual identified as E.L. ("Patient E.L.") at Harrison Endo Surgical Center, located in Harrison, New Jersey.

30.  At the time of treatment, Patient E.L. was the beneficiary of a health plan issued and/or administered by Defendant.

31.  After treating Patient E.L., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes, including CPT code 29888-LT in the amount of $34,078.00 and CPT code 29881-LT in the amount of $20,175.00.

32.  In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff for CPT 29888-LT in the amount of $2,025.53 and for CPT 29881-LT in the amount of $530.32.

33.  As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

34.  However, since the services were rendered emergently/inadvertently, Patient E.L.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-11 *et seq*.

35.  Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

36.  In this case, Plaintiff disputed Defendant's payment determinations and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment of $2,025.53 for CPT 29888-LT and Defendant's payment of $530.32 for CPT 29881-LT.

37.  Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which

the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

38. Plaintiff initiated such arbitration as called for by the NSA.

39. On January 13, 2025, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1144528, awarding Plaintiff $34,078.00 for CPT 29888-LT, amounting to an additional $32,052.47 over Defendant's initial payment. *See* **Exhibit C**, attached hereto.

40. Pursuant to the NSA, the determination of the arbitration award under DISP-1144528 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

41. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300-gg-111(c)(6).

42. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was February 12, 2025.

43. As of the date of this Complaint, over 170 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

44. For DISP-1144528, Defendant has failed to pay $32,052.47, which is currently due and owing.

45. Similarly, on November 20, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1144822, awarding Plaintiff $15,131.25 for CPT 29881-LT, amounting to an additional $14,600.93 over Defendant's initial payment. *See* **Exhibit D**, attached hereto.

46. Pursuant to the NSA, the determination of the arbitration award under DISP-1144822 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

47. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300-gg-111(c)(6).

48. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 20, 2024.

49. As of the date of this Complaint, over 220 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

50. For DISP-1144822, Defendant has failed to pay $14,600.93, which is currently due and owing.

51. Accordingly, Plaintiff has been damaged in the total amount of $46,653.40 for CPT 29888-LT and CPT 29881-LT for Patient E.L.

**Patient A.G. – DISP-1760843**

52. On February 12, 2024, Robin M. Gehrmann, M.D., a surgeon employed by Plaintiff, provided medical treatment for an individual identified as A.G. ("Patient A.G.") at Harrison Endo Surgical Center, located in Harrison, New Jersey.

53. At the time of treatment, Patient A.G. was the beneficiary of a health plan issued and/or administered by Defendant.

54. After treating Patient A.G., Plaintiff submitted a Health Insurance Claim Form ("HCFA") medical bill to Defendant seeking payment for the procedure, itemized under Current Procedural Terminology ("CPT") codes, including CPT code 27814-RT in the amount of $33,206.00.

55. In response to Plaintiff's HCFA, Defendant allowed payment to Plaintiff for CPT 27814-RT in the amount of $4,409.00.

56. As an out-of-network provider, Plaintiff does not have a network contract that would determine or limit payment for Plaintiff's services to Defendant's members.

57. However, since the services were rendered emergently/inadvertently, Patient A.G.'s out-of-network medical treatment is subject to reimbursement pursuant to the NSA, 42 U.S.C. § 300gg-11 *et seq*.

58. Pursuant to the NSA, an out-of-network provider reserves the right to dispute a health plan's reimbursement for qualifying out-of-network services and initiate a 30-day negotiation period. 42 U.S.C. § 300gg-111(c)(1)(A).

59. In this case, Plaintiff disputed Defendant's payment determination and initiated the negotiation period called for by the NSA. In effect, Plaintiff was disputing Defendant's payment of $4,409.00 for CPT 27814-RT.

60. Pursuant to the NSA, if the payment dispute between the provider and insurer is not resolved during the negotiation period, the provider has the right to initiate arbitration under which the proper reimbursement amount is determined by a neutral arbitrator. 42 U.S.C. § 300gg-111(c)(1-5).

61. Plaintiff initiated such arbitration as called for by the NSA.

62. On November 16, 2024, the arbitrator ruled in Plaintiff's favor under Arbitration Dispute DISP-1760843, awarding Plaintiff $33,206.00 for CPT 27814-RT, amounting to an additional $28,797.00 over Defendant's initial payment. *See* **Exhibit E**, attached hereto.

63. Pursuant to the NSA, the determination of the arbitration award under DISP-1760843 is legally "binding upon the parties involved." 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

64. Pursuant to the NSA, if it is determined in arbitration that an additional amount remains due, the insurer has 30 days from the date of the arbitration award to issue the additional payment. 42 U.S.C. § 300-gg-111(c)(6).

65. However, Defendant failed to issue the arbitration payment to Plaintiff even though its deadline to do so was December 16, 2024.

66. As of the date of this Complaint, over 225 days have elapsed since Defendant's deadline to submit the award payment to Plaintiff.

67. For DISP-1760843, Defendant has failed to pay $28,797.00, which is currently due and owing.

## COUNT ONE

### PLAINTIFF SEEKS RELIEF IN ACCORDANCE WITH 9 U.S. CODE § 9

68. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 67 of the Complaint as though fully set forth herein.

69. The FAA, 9 U.S. Code § 9, provides that, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made, any party to the arbitration may apply to the court so specified for an Order confirming the award, and thereupon the court must grant such an Order.

70. In this case, while the parties do not have an agreement that a judgment of the court shall be entered upon the arbitration awards at issue, the binding arbitration awards were issued pursuant to the Federal No Surprises Act. 42 U.S.C. § 300gg-111(c)(5)(E)(i)(I).

71. Indeed, this District and others have held that Federal courts have authority to confirm arbitration awards issued pursuant to the NSA under the FAA, 9 U.S.C. § 9. *See, e.g., GPS*

*of New Jersey M.D., P.C. v. Horizon Blue Cross & Blue Shield*, No. CV226614KMJBC, 2023 WL 5815821 (D.N.J. Sept. 8, 2023) (granting Horizon Blue Cross & Blue Shield's cross-motion to confirm an NSA entity award under 9 U.S.C. § 9 because the language of the NSA indicates that NSA award is "final and binding" and, by invoking Section 10(a) of the Federal Arbitration Act, the NSA "gives the court the authority to confirm the award"); *Guardian Flight LLC v. Aetna Life Ins. Co.*, No. 3:24-cv-00680-MPS, 2025 U.S. Dist. LEXIS 91676 (D. Conn. May 14, 2025) (holding IDR awards are rendered in the absence of any arbitration agreement and immediately trigger the payment obligations set forth in § 300gg-112(a)(3)(B) and (b)(6); No judicial "confirmation" is required for them to become "binding.")

72. It is against equity and good conscience to deprive Plaintiff of a remedy to enforce a "binding" arbitration award issued in accordance with federal law.

73. Accordingly, Plaintiff brings this action for an Order confirming the applicable arbitration awards as follows:

    a. DISP-1807239, issued February 19, 2025;

    b. DISP-1807236, issued January 27, 2025;

    c. DISP-1144528, issued January 13, 2025;

    d. DISP-1144822, issued November 20, 2024; and

    e. DISP-1760843, issued November 16, 2024.

## COUNT TWO

**VIOLATION OF THE FEDERAL NO SURPRISES ACT REGARDING THE NON-PAYMENT OF BINDING AWARDS**

74. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 73 of the Complaint as if fully set forth herein.

75. Under the NSA, a party is permitted to initiate the federal arbitration process called for by the Act if the parties are unable to agree on a payment rate during the NSA's negotiation period. 42 U.S.C. § 300gg-111(c)(1-5).

76. In the instant case, the parties were unable to agree on the out-of-network rate for the services provided, and the parties therefore proceeded to arbitration as called for by the NSA.

77. C2C Innovative Solutions, Inc., Network Medical Review Company, Ltd., and MCMC Services, LLC, the certified independent dispute resolution ("CIDR") entities assigned to these disputes, made the following determinations:

   a. DISP-1807239 (C2C Innovative Solutions, Inc.), issued February 19, 2025, awarding Plaintiff $19,000.00 for CPT 29880-LT;

   b. DISP-1807236 (C2C Innovative Solutions, Inc.), issued January 27, 2025, awarding Plaintiff $34,078.00 for CPT 29888-LT;

   c. DISP-1144528 (Network Medical Review Company, Ltd.), issued January 13, 2025, awarding Plaintiff $34,078.00 for CPT 29888-LT;

   d. DISP-1144822 (MCMC Services, LLC), issued November 20, 2024, awarding Plaintiff $15,131.25 for CPT 29881-LT; and

   e. DISP-1760843 (C2C Innovative Solutions, Inc.), issued November 16, 2024, awarding Plaintiff $33,206.00 for CPT 27814-RT.

78. According to the NSA, Defendant had thirty (30) days to remit the arbitration payments to Plaintiff. 42 U.S.C. § 300gg-111(c)(6).

79. Defendant failed to make the payments within thirty (30) days and, as of the date of the filing of this Complaint, Defendant has failed to remit the arbitration payments to Plaintiff.

80. As such, Defendant has failed to comply with the requirements of the NSA.

81. Accordingly, due to Defendant's failure to comply with the NSA's requirements, Plaintiff has been damaged in the total amount of $119,653.40.

## CLAIM FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. For an Order confirming the arbitration award issued under DISP-1807239;

b. For an Order confirming the arbitration award issued under DISP-1807236;

c. For an Order confirming the arbitration award issued under DISP-1144528;

d. For an Order confirming the arbitration award issued under DISP-1144822;

e. For an Order confirming the arbitration award issued under DISP-1760843;

f. For an Order directing Defendant to pay Plaintiff $119,653.40;

g. For attorney's fees, interest and costs of suit; and

h. For such other and further relief as the Court may deem just and equitable.

Dated: August 7, 2025
Fair Lawn, New Jersey

**GOTTLIEB & GREENSPAN, LLC**
*Attorneys for Plaintiff*

By: /s/ Ronald J. Herman
Ronald J. Herman, Esq.
17-17 Route 208, Suite 250
Fair Lawn, New Jersey 07410
(201) 644-0890
rherman@gottliebandgreenspan.com